THE MADISON INSURANCE COMPANY *v.* GRIFFIN.

The *Madison Insurance Company* rejected the claim of the assured for the loss of the cargo of a flat-boat, and proposed to him to leave the matter to arbitration. The proposition was accepted in writing; whereupon the board of directors entered upon the books of the company a request to the assured to join the secretary of the company in selecting the arbitrators, designating the matter to be referred. The secretary and the assured accordingly selected the arbitrators, and the secretary executed a bond in the terms prescribed by the R. S. 1843, and signed the name and annexed the corporate seal of the company thereto. *Held,* that the arbitration intended was the statutory one provided by the R. S. 1843. *Held,* also, that the secretary was empowered by the board to execute and annex the seal of the company to the bond. *Held,* also, that the submission was a valid one.

A clause in the charter of the company provided that the business of the

May Term,
1852.

Madison Insu-
rance Com-
pany
v.
Griffin.

company might be carried on without the presence of the board of directors, by the president and secretary, subject to the by-laws, rules, ordinances, and regulations established by the board of directors. *Held*, that the board of directors having made the submission to arbitration, the president and secretary had no authority, under that clause, to revoke the submission.

The award was, that the company should forthwith pay to the assured (naming him) the sum of 750 dollars and 74 cents, and that the same should be received in full satisfaction and discharge of his claim against the company, and that the company should pay the costs. *Held*, that the award was sufficiently certain.

When a party has been represented by his attorney at an arbitration, he cannot afterwards object that notice of the meeting of the arbitrators was not given to him.

The matter submitted to arbitration was, "whether said company was liable to pay the assured the damage done to the flour and meal, or either, on board of said flat-boat, and the amount." The company, at the hearing, applied, upon the affidavit of her agent, for a continuance on account of the absence of three witnesses whose testimony, it was alleged, would tend to show that the damage was less than what the other witnesses had sworn. The arbitrators refused to adjourn the hearing, but proposed to hear the cause, with the exception of the evidence of those witnesses, and adjourn for a reasonable time, to be named by the company's attorney or agent, in order to procure the attendance and testimony of those witnesses; but the company refused a continuance on those terms. *Held*, that the conduct of the arbitrators, in this respect, could not be complained of.

A rule was granted by the Circuit Court upon the company to show cause why judgment should not be rendered on the award of the arbitrators. The company appeared, and filed her reasons, not alleging, as a defense, the want of notice of the award. *Held*, that the notice was thereby admitted.

Monday,
May 24.

APPEAL from the *Jefferson* Circuit Court.

Perkins, J.—Motion for judgment upon an award. Judgment rendered. The case: The *Madison Insurance Company* executed a policy to *William Griffin* upon the cargo of a flat-boat. *Griffin* claimed compensation for an alleged loss. The board of directors of the company, on the 25th of *October*, 1849, ordered as follows: "The claim *William Griffin* has presented to the office is rejected. The office propose to leave the matter to arbitration." A copy of this "order," as it is called, certified by the secretary, *E. G. Whitney*, as a true copy from the records of the company, was served on *Griffin*. He returned it, indorsed, "I accept the within proposition to arbitrate my

claim against the office. 26th *October*, 1849. *William Griffin.*"

The board of directors, thereupon, entered upon their books a request to said *Griffin* to join the secretary of the company, said *Whitney*, in selecting the arbitrators, designating the particular matter referred. A copy of this entry upon the books was served by said *Whitney* upon *Griffin*. Arbitrators were accordingly chosen by the secretary and *Griffin*. The secretary executed the bond for the company, containing the names of the arbitrators, &c., and being under the seal of the corporation. The secretary and attorney of the corporation attended at the hearing by the arbitrators, and, near its close, said secretary, with the approbation of the president of the company, executed and served upon the arbitrators an intended revocation of the submission to arbitration. It was disregarded, and an award unanimously made in favor of *Griffin*. The award was filed in the Circuit Court, was proved, as were also the submission to arbitration and notice of the award, and a rule was granted by the Court and was served on the company, to show cause why said award should not be made the judgment of the Court, as was stipulated in the bond of submission it should be. The company, by her attorney, appeared, and, in answer to said rule, insisted that said award should not be made the judgment of the Court, because:

1. There was no notice given to the defendant, the company, of the time and place of meeting of the arbitrators.

2. The arbitrators refused to give time to the defendant to procure the attendance of witnesses, or to ascertain whether her witnesses could be procured.

3. The arbitrators refused to adjourn the hearing on the affidavit of the agent of the defendant.

4. The defendant revoked by bond the said submission before said award was made, or all the evidence heard, and notified said arbitrators thereof.

5. The arbitrators were not authorized by the defendant to hear the controversy and make an award.

May Term,
1852.

MADISON INSU-
RANCE COM-
PANY
V.
GRIFFIN.

6. Said arbitrators acted against the consent and without the authority of said defendant.

7. The submission-bond was not made by defendant.

8. Said award is uncertain, &c.

The plaintiff, *Griffin*, answered, demurring to the eighth, and taking issue upon said several other objections. The issues of law and fact were submitted to the Court for trial. The Court held the eighth objection assigned bad on demurrer, found the remaining seven unsustained by proof, and rendered final judgment on the award for the sum of 750 dollars and 75 cents, and the costs.

We will first consider the fourth, fifth, sixth, and seventh objections to the award. These all go to the validity of the submission or revocation, or both, and raise the two questions, whether there was a legal submission, and whether there was a legal revocation.

There is no doubt, on the extracts above given from the books of the company, that there was a valid and closed agreement between the company and *Griffin* to submit the matter in controversy to arbitration. The arbitration intended in that agreement, we understand, as evidently did the parties, to be the statutory one. Our R. S., s. 3, p. 787, enact that, when an agreement for such an arbitration has been entered into, "the parties shall enter into bonds, duly executed, sealed, and delivered, with conditions to abide and faithfully perform the award or umpirage, specifying in such bonds the name or names of the arbitrator or arbitrators, and the matter or matters submitted," &c. Under this statute, the agreement of the corporation to submit to arbitration included an agreement to give a bond containing the names of the arbitrators, &c., it being a necessary part of such submission. Such a bond was executed under the seal of the corporation by her secretary, in this case; and there is no doubt that the submission was valid, if the secretary was authorized to execute said bond. There was no order to him, in literal terms, from the board of directors, to execute it; nor was there, says the secretary in his testimony, any by-law making it his duty to do it. He says he was

May Term,
1852.

MADISON INSU-
RANCE COM-
PANY
V.
GRIFFIN.

accustomed to execute the orders of said board when directed. But here was an agreement by the corporation to arbitrate and give bond. That bond was necessarily to be executed by an agent. The secretary would properly be that agent. The names of the arbitrators, and the matters to be determined, were, by law, to appear in that bond. The corporation did expressly empower the secretary to agree with the opposite party upon the names, and designate to him the particular matter to be specified in said bond; and we think it was intended to confer upon him the power necessary to complete the submission to arbitration, including the execution of the bond, and so the secretary understood it. We think a valid submission was made.

We do not think there was a valid revocation of that submission. The agreement to submit was made by the corporation itself—at least, by its directors—and not by the secretary, or president, or both. The secretary, to carry into effect that agreement, executed under, as we have held, a special authority from the company, the submission-bond. He was not specially authorized to do more. He was not empowered to revoke the submission which the corporation, by its directors, had agreed to make. Indeed, the secretary did not undertake, of his own authority, to do it. The attempted revocation was by him, under the sanction of the president, without, however, any authority from the directors. There was no by-law conferring the power to act upon the president and secretary. The charter of the company, which is a public act, says that " the business of the corporation may be carried on without the presence of the board of directors by the president and secretary, subject, nevertheless, to the by-laws, rules, ordinances, and regulations established by the board of directors." By virtue of this clause in the charter, had the board not assumed to act at all in the matter in question, but left it to " be carried on without their presence," in the language of said clause, by the president and secretary, perhaps these officers.

May Term,
1852.

MADISON INSU-
RANCE COM-
PANY
v.
GRIFFIN.

might, though we do not so decide, had they thought proper to do it, in the first instance, have referred the matter to arbitration; and, had they done so, might have revoked their own submission. But the board of directors is paramount in authority to the president and secretary; and it seems to us, as that board had, in fact, made the submission, it was not competent for the president and secretary, by virtue of their own authority, to revoke that submission, and subject the company to the consequences that might follow. A submission should be revoked by an authority equal to that which makes it. We conclude, then, that the award was made by the authority and consent of the insurance company.

The eighth objection, viz., that the award is uncertain, cannot be sustained. The award is, that "the company shall forthwith pay to said *William Griffin* the sum of 750 dollars and 74 cents, and the same shall be received by him in full satisfaction and discharge of his claim against said company," and that the company shall pay the costs.

The first objection, viz., that notice of the meeting of the arbitrators was not given, is immaterial, as both parties were represented by their attorneys at the meeting.

The second and third objections relate to the continuance asked, and will be considered together.

The matter submitted to arbitration was "the simple question, whether said company is liable to pay said *Griffin* the damage done to the flour and meal, or either, on board of said flat-boat, and the amount."

The application for a continuance was on account of the absence of three witnesses, viz., one *Carpenter, Joseph Broad,* and *Jacob McConnell. Carpenter* had examined the flour and meal with reference to the damage done them, and it was believed he would not put it as high as 15 *per cent. Broad* and *McConnell* used 600 or more barrels of the meal, and it was believed they would not put the damage done it to 10 *per cent.*

The object of the continuance was, then, simply to obtain the opinions of three witnesses as to the *per cent.* of

May Term,
1852.

MADISON INSU-
RANCE COM-
PANY
V.
GRIFFIN.

damage done to the articles named, and not to procure proof going to show that the company was not liable at all on the policy.

The arbitrators offered to hear the case with the exception of those witnesses, and adjourn for a reasonable time, to be named by the attorney or agent of the company, in order that said absent witnesses might be brought before them and heard before the award was made. The continuance on these terms was refused. We think, considering the character and quantity of the testimony expected from the absent witnesses, the proposition was a fair one, and should have been accepted, if the party really wished to obtain the absent testimony; and that she cannot complain of the conduct of the arbitrators in proceeding after her refusal to accept it. We need not examine, therefore, into the other circumstances of the case, which, perhaps, might have justified a refusal to continue.

The defendant, in the Circuit Court, also objected, at the hearing there, that it was not proved that notice of the award was given her. When the plaintiff filed the award in the Circuit Court, he proved, *ex parte*, as the record showed, that a copy of the award had been served on the defendant. A rule was then granted upon her to show cause why judgment should not be rendered on the award. She appeared and filed her reasons, and on them the issues were formed and tried. Want of notice of the award was not alleged as a ground of defense, and notice was, therefore, admitted by the pleadings.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*J. G. Marshall*, for the appellant.

*W. M. Dunn, J. W. Chapman*, and *S. Major*, for the appellee.